Edward Gartenberg (SBN # 102693)
egartenberg@ggwslaw.com
Barton S. Selden (SBN # 113218)
bselden@ggwslaw.com
Kristin L. Sciarra (SBN # 236247)
ksciarra@ggwslaw.com
GARTENBERG GELFAND WASSON & SELDEN LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017
Tel: (213) 542-2100 / Fax: (213) 542-2101

George H. Solveson [*pro hac vice* applied for]
georges@andruslaw.com
Aaron T. Olejniczak [*pro hac vice* applied for]
aarono@andruslaw.com
**ANDRUS, SCEALES, STARKE & SAWALL, LLP**
100 East Wisconsin Avenue, Suite 1100
Milwaukee, Wisconsin 53202
Tel: (414) 271-7590 / Fax: (414) 271-5770

Attorneys for Defendant A.A. Anderson & Co., Inc.
d/b/a Anderson Pump and Process

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA- WEST REGION**

| | |
|---|---|
| HITEK SOFTWARE LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>A.A. ANDERSON & CO., INC. a Wisconsin Corporation, doing business as ANDERSON PUMP AND PROCESS; DOES 1-10, inclusive;<br><br>Defendants. | Case No. CV 09-6258 RSWL(JCx)<br><br>PROTECTIVE ORDER CONCERNING TREATMENT OF CONFIDENTIAL INFORMATION<br><br>[CHANGES MADE BY COURT IN BOLD] |

Discovery and other proceedings in the above-entitled action (the "Action") may involve the disclosure of confidential, trade secret, proprietary, technical, scientific, business, or financial information of a party or of a Non-party, as defined herein, and the parties having stipulated to entry of a Protective Order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED THAT:

1. If, in the course of the Action, either a party or a non-party undertakes or is caused to disclose what such party or non-party contends is "CONFIDENTIAL MATERIAL", as defined below, the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Order.

2. Definitions. For purposes of this Order, the following definitions shall apply:

(a) "CONFIDENTIAL MATERIAL" shall include any documents, electronic files, deposition testimony, interrogatory responses or other written responses to discovery, or other materials produced or disclosed during discovery or trial in this case (and any copies, summaries or abstracts of such materials) that: (i) the Providing Party reasonably and in good faith believes to contain or disclose information that the Providing Party, in the ordinary course of its business, does not or would not publicly disclose and/or treats or would treat as confidential or proprietary; or (ii) that the Providing Party is under a preexisting obligation to a third party to treat as confidential; or (iii) the Providing Party has in good faith been requested by the Receiving Party to so mark on the ground that the Receiving Party considers such material to contain information that is confidential or proprietary to the Receiving Party. The designation of any item as CONFIDENTIAL MATERIAL shall include all information and data contained therein, and such information and data shall be

treated as CONFIDENTIAL MATERIAL subject to the terms of this Order, even if such information and data is extracted and/or separated from the particular item(s) of CONFIDENTIAL MATERIAL containing such information or data. The marking and handling of such material is described below.

(b) "CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY", is a sub-set of CONFIDENTIAL MATERIAL, and shall include any CONFIDENTIAL MATERIAL that: (i) Providing Party reasonably and in good faith believes to contain or disclose particularly sensitive CONFIDENTIAL MATERIAL such as the Providing Party's trade secrets; confidential technical information; technical practices, methods, or other know-how; present or future marketing plans; financial data; business strategy; pending unpublished patent applications; or confidential agreements and relationships with third parties; or (ii) that the Providing Party is under a preexisting obligation to a third party to treat as such; or (iii) the Providing Party has been requested by the Receiving Party to so mark on the ground that the Receiving Party considers such material to contain information that is highly sensitive CONFIDENTIAL MATERIAL belonging to the Receiving Party. The marking and handling of such material is described below.

(c) "Non-party" is any person or entity, other than the parties to this Action, who claims that its confidential or proprietary information is contained in any document, electronic file, discovery response, testimony, or other material sought to be produced or obtained by subpoena in this lawsuit. A Non- party may be a Providing Party producing documents or other information pursuant to a subpoena or other form of legal process or may be a person claiming that its confidential or proprietary information is contained in documents or other materials which are in the custody of a Providing Party.

///

(d) "Providing Party" is any person or entity producing or disclosing CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY in the course of this Action, whether that person is a party or a Non-party.

(e) "Receiving Party" is a party to this Action that receives CONFIDENTIAL MATERIAL or any CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY in the course of this Action.

3. Use limitation.

(a) All CONFIDENTIAL MATERIAL disclosed in this litigation shall be used solely for purposes of this Action, and for no other purpose.

(b) The CONFIDENTIAL MATERIAL of a Providing Party shall not be made public by the Receiving Party or divulged to anyone other than the persons permitted access as set forth herein.

(c) A Providing Person Party that produces Confidential Material in written form shall produce two copies of each document containing such Confidential Material. One copy will be produced in unredacted form, but labeled or marked with an appropriate legend, such as "Confidential," "Confidential – Attorney's Eyes Only, " or "Confidential – Subject to Protective Order." The other copy will be produced redacted as to all Confidential Material on the document, and will also be labeled or marked with same legend as to confidentiality as the copy produced in unredacted form. The purpose of this dual production of document is to expedite the filing of documents with the Court by permitting a Party to file copies of documents containing redacted Confidential Material without the need to apply for and obtain an order from the court permitting filling documents under seal. The Providing Person Party shall not designate any document, material, or information as Confidential Material unless

///

it believes in good faith that such document, material or information is of a confidential, private and/or proprietary nature and is not available to the public.

(d) Nothing in this Order shall affect the right of the Providing Party to use or disclose its own material that it has designated as confidential.

(e) This Stipulation and Protective Order shall not govern the filing of documents in trial proceedings **or testimony given in trial proceedings**.

4. Non-parties. By agreeing **in writing** to be bound by the terms of this Order, a Non-party shall have the benefits, rights, and protection of a Providing Party under this Order and have standing under this Order to bring a claim for violations of its terms against the parties and any person who signed an undertaking as provided by this Order. Such a Non-party must comply with all terms of this Order.

5. Marking. At the time such that documents or portions thereof other materials are produced for inspection by counsel, it is a sufficient designation for this the purposes of this Order that a container holding tangible objects, a file or an individual document bear a written label marked with the "Confidential Material – Outside Attorney's Eyes Only" or "Confidential Material" legends, as appropriate to their contents. If such documents or portions thereof are produced in the form of a non-paper media, it is a sufficient designation for this purpose that the outside of such non-paper media is marked with the designation which is appropriate to its contents. If copies of the contents of any such marked container holding tangible objects, marked file or marked non-paper media are thereafter produced, the Providing Party must label each such copy with the appropriate designation. Any summary, note, or other material based on or derived from CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY shall be mailed with the same level of protection as the material from which it is derived and shall be subject to this Order. Whether

or not items are designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL- OUTSIDE EYESONLY when produced, a party may change its designation of such items to a less restrictive category by giving notice to that effect in writing, accompanied by substitute copies of each item, container or folder which are appropriately marked. Within five (5) court days of receipt of the substitute copies, the Receiving Party shall return or destroy the previously produced items, containers or folders and all copies thereof, and shall subsequently treat such items according to their current designations pursuant to this Order.

6. Disclosure to qualified Persons. Access to or disclosure of CONFIDENTIAL MATERIAL (other than items designated as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY) shall be limited to:

(a) the Court and those employed by the Court, in which event such material shall be **submitted for filing under seal in accordance with Local Rule 79-5.1 [ ]**;

b) the outside attorneys of record in the above-captioned litigation and the employees of such attorneys within the parties' respective outside law firms;

(c) court reporters or videographers and employees of court reporters or videographers engaged by counsel to record and transcribe testimony in this litigation and any outside copy, graphics or design services personnel, interpreters, translators, jury or trial consultants;

(d) not more than three designated representatives of each party, except that access to or disclosure of CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY shall not be permitted under this subparagraph;

(e) individuals or individual employees of entities, that have been retained by a party as a consultant or expert for the purposes of assisting in the

preparation of this litigation for trial and/or in providing expert testimony, provided such persons have neither been employed by a party nor have rendered services to a party in the ordinary course of the party's business for a period of three years prior to their retention (employment as a litigation consultant or expert does not constitute employment for purposes of this provision); and

(f) during testimony taken at depositions **[ ]**, and during preparation for **deposition or trial** testimony, to witnesses and their personal attorneys, where such witnesses (i) can be shown to have authored, received, been an addressee of or an authorized recipient of any particular items of material that have been designated as CONFIDENTIAL ATERIAL; (ii) can be shown on the face of a particular item of material to have been the source of certain information, to the extent of that information; or (iii) to whom such disclosure is not objected to by counsel for the Providing Party.  For purposes of this provision, CONFIDENTIAL MATERIAL may be disclosed to a witness in preparation for a deposition only after such person has been formally noticed or designated for deposition, and in preparation for trial only after such person has been identified in a pretrial ubmission or in the course of trial as a potential witness.

7. Access to CONFIDENTIAL MATERIAL.  The persons described in paragraphs 6(a) and 6(b) are not required to sign an undertaking **agreeing to be bound by the terms of this Protective Order** before viewing CONFIDENTIAL MATERIAL.  **CONFIDENTIAL MATERIAL shall not be shown or disseminated to** the persons described in paragraphs 6(c), 6(d), and 6(e), unless, **prior thereto, such persons** sign an undertaking **agreeing to be bound by the terms of this Protective Order.**  Witnesses identified in paragraph 6(f) shall not be required to sign an undertaking but remain under their existing duty, if any, concerning the CONFIDENTIAL MATERIAL.  Notice that the persons identified

in paragraphs 6(d) and 6(e) shall be viewing CONFIDENTIAL MATERIAL shall be promptly served by facsimile upon counsel for the Providing Party along with a copy of their signed undertaking. Procedure for giving notice of litigation consultants: For any person described in paragraph 6(e), a copy of that person's resume or other document including information sufficient to determine the person's education, background and employment history shall be served upon counsel for the Providing Party along with the notice and the undertaking. **If counsel for the Providing Party objects to such disclosure , such counsel shall, within ten (10) days of receipt of such notice, serve by facsimile a letter requesting a meet and confer conference which comports with the requirements of Local Rule 37-1. Any dispute presented to the Court in connection with this Protective Order must be presented in accordance with the procedures set forth in Local Rules 37-1 through 37-4. If no meet and confer letter is timely served,** counsel for the Receiving Party may, from that time forward, disclose CONFIDENTIAL MATERIAL to the person described in paragraph 6(e). If a timely **meet and confer letter is received,** no disclosure of CONFIDENTIAL MATERIAL to such person shall occur unless and until such disclosure is agreed **upon or** ordered by the Court. **[ ]** On any such motion, the Providing Party shall bear the burden of showing why such disclosure to such person should not be allowed, in whole or in part.

8. <u>Access to items designated as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY</u>. Access to items designated as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY shall be limited to those categories of people identified in paragraphs 6(a), (b), (c), (e) and (f). Counsel desiring to qualify a person or persons identified in paragraph 6(e) to receive CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY shall follow the procedures described in paragraph 7 above

concerning notice, undertakings and resumes, except that the notice shall specify that the access is to CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY. Designated client representatives, as identified in paragraph 6(d), shall not have access to CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY.

9. Custody of CONFIDENTIAL MATERIAL. **Other than CONFIDENTIAL MATERIAL in the possession of the Court or Court personnel, a**ll CONFIDENTIAL MATERIAL shall be maintained in the custody of the outside attorneys of record for the parties, and no partial or complete copies thereof shall be retained by others, except that persons qualified under paragraph 6(c), 6(d), or 6(e) may retain such material on a temporary basis for the purposes of study, analysis, and preparation of this case at locations other than the offices of outside attorneys of record, so long as such material is maintained in a manner that limits access only to qualified persons as set forth in paragraph 6.

10. Depositions. In the case of depositions, if counsel for a party believes that a portion or all of the testimony given at the deposition constitutes CONFIDENTIAL MATERIAL, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be sealed. The reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each sealed transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." In addition, each page of the transcript containing information designated as CONFIDENTIAL MATERIAL shall include the legend "Confidential Subject to Protective Order" (or a substantially similar legend) and each page containing information designated as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY shall include the legend "Confidential - Outside Attorneys' Eyes Only - Subject to

Protective Order" (or a substantially similar legend).  If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential Subject to Protective Order" (or a substantially similar legend) or "Confidential - Outside Attorneys' Eyes Only - Subject to Protective Order" (or a substantially similar legend), if any portion of the transcript itself is so designated.  When CONFIDENTIAL MATERIAL is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded rom the portion of the deposition so designated.  Counsel attending a deposition who inadvertently fails to designate the transcript or videotape as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY on the record at the deposition shall have ten (10) court days, following receipt of the transcript from the court reporter, in which to do so.  Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions(s) of the transcript that constitute items designated as CONFIDENTIAL MATERIAL or as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY, and directing the reporter to place the same under seal as provided in this paragraph 10.  Until expiration of the aforesaid ten (10) court day period following receipt of the transcript by the producing party, all deposition transcripts and videotapes shall be considered and treated as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY unless otherwise agreed on the record at the deposition.  Nothing in this paragraph 10 shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.  Counsel designating items as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – OUTSIDE ATTORNEY'S EYES ONLY at deposition shall have the burden of establishing that the material

so designated is as labeled and such designating counsel shall exercise its best efforts to redact only those portions of the transcript or other documents that under all circumstances believes in good faith is confidential material. The purpose served is to limit as much as possible material designated Confidential.

11. Filing of material designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY. Pursuant to Civil L.R. 79-5, parties shall **submit for filing** any material designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY with the Court in a sealed envelope with a copy of the **title** page of the filing attached to the outside of the envelope. If CONFIDENTIAL MATERIAL is included in the **title** page attached to the outside of the envelope, it may be deleted from the outside copy. The attached **title** page shall contain a caption of the case and a legend **sufficient to reflect that the documents contained therein are the subject of a Protective Order and have been submitted for filing under seal in accordance with the Protective Order.**

**[ ]**

**[ ]. Any application to file CONFIDENTIAL MATERIAL under seal must demonstrate good cause or compelling need as appropriate, and must reflect the position of opposing counsel relative to such application.** See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Foltz v. State Farm Mutual Automobile Insurance Company, 331 F.3d 1122 (9th Cir. 2002). If a party fails to **seek to** file information under seal, any person who in good faith believes that filing under seal is required to protect its interests may move the Court to seal the information within five (5) court days of service of the allegedly defective filing. **Any such motion may request that the Clerk seal the disputed part of the filing until the Court rules on the motion.**

Conversely, any party that contests the validity of the "Confidential Material" designation may move the Court to unseal the information within ten (10) court days of service of the allegedly erroneous designation. Notice of either type of motion shall be given to all parties. **[ ]** Nothing in this provision relieves a party of liability for damages caused by failure **properly to seek to file** such information under seal.

12. Other proceedings. By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that any information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion or other form of legal process seeking the disclosure of another party's information designated under one of the categories of confidentiality pursuant to this Order, shall promptly notify that party so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

13. Claims of privilege. Nothing in this Order shall require disclosure of material that counsel for a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an order directing the disclosure of such material **in accordance with the procedures set forth in Local Rules 37-1 through 37-4.**

14. No waiver of other objections to admissibility. Nothing in this Order shall be construed as a waiver of the right of any party to object to the taking or the admissibility of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL MATERIAL.

15. No admissions. **The parties agree that they will not argue that** acceptance by a party of another party's designation of certain materials as

CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY for purposes of discovery **[ ]** constitute**s** an admission or concession or permit**s** an inference that the items are, in fact, confidential as marked. This Order shall not foreclose either party from moving for an order that any material designated as CONFIDENTIAL MATERIAL or as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY is not, in fact, confidential as marked **in accordance with the procedures set forth in Local Rules 37-1 through 37-4.**

16. Additional protective orders not prohibited. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

17. Documents legally obtained from public sources not confidential. Nothing in this Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document: (i) is already public knowledge; (ii) becomes public knowledge other than as a result of disclosure by the Receiving Party; or (iii) is lawfully obtained from a third party under no obligations of confidentiality with respect thereto and having the right to disclose such information. By agreeing to this provision, none of the parties concede that any particular individual was or was not under any obligation of confidentiality with respect to any particular information at any particular time, nor that any particular information or document was or was not lawfully obtained by another party.

18. Retention of Jurisdiction by the Court. This Court retains jurisdiction over the subject matter of this Action, and personal jurisdiction over the parties and all persons agreeing **in writing** to be bound by the terms of this Order, to enforce the provisions of this Order after the termination of the Action.

///

19. Improper Disclosures. If material designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure and/or any person having knowledge of such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and make every **reasonable** effort to prevent further disclosure by it or by the person who was the recipient of the material. In the event any party to this Order improperly discloses or divulges any document or information subject to this Order, the parties agree to continuing jurisdiction of this Court.

20. Termination of the Action. Within sixty (60) days after the final disposition of this Action, including exhaustion of appellate remedies, unless counsel agree otherwise in writing, each Receiving Party shall, at the Providing Party's option, promptly either (i) return all material, other than attorney work-product, which has been designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY by the Providing Party, or (ii) destroy all such material and provide a certificate of destruction to the Providing Party. Notwithstanding the foregoing, counsel for the Receiving Party shall be permitted to retain a file copy of materials created by counsel of record or retained experts during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies must be maintained under the conditions of material designated as CONFIDENTIAL MATERIAL - OUTSIDE ATTORNEYS' EYES ONLY as set out in paragraph 8.

///

///

ORDER

This Protective Order**, as modified,** is hereby adopted in this Action.

IT IS SO ORDERED.

Dated: January 14, 2010

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE